IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RENE RODRIGUEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CHASE BANK USA, N.A., | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, RENE RODRIGUEZ, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, CHASE BANK USA, N.A., Plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), 47 U.S.C. §227, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the TCPA pursuant to pursuant to 28 U.S.C. §1331.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. RENE RODRIGUEZ, (hereinafter, "Plaintiff") is an individual who resides in the City of Cicero, County of Cook, State of Illinois.

5. CHASE BANK USA, N.A., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Illinois. Defendant is incorporated in the State of Delaware.

1

6. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## IV. ALLEGATIONS

7. From one (1) year prior to the commencement of this matter through to the date of filing of the present matter, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff in an attempt to collect a debt.

8. During the course of the aforesaid time period, the telephone calls initiated by Defendant were placed to Plaintiff's cellular telephone number.

9. Upon information and belief, at the time Defendant initiated the aforesaid telephone calls to Plaintiff, Defendant knew or reasonably should have known that the telephone number to which it was calling was Plaintiff's telephone number.

10. The debt on which Defendant was attempting to collect was incurred by an individual other than Plaintiff.

11. Plaintiff does not currently have any accounts with Defendant.

12. From one (1) year prior to the commencement of this matter through to the date of filing of the present matter, Plaintiff did not have any accounts with Defendant.

13. Plaintiff is not legally responsible and/or obligated to pay the debt on which Defendant was attempting to collect.

14. Plaintiff has never provided Defendant with consent to initiate telephone calls to his present cellular telephone number.

15. Plaintiff never provided Defendant with his present cellular telephone number in relation to the debt on which Defendant was attempting to collect.

16. Alternatively, any accounts Plaintiff may have previously held with Defendant were closed before one (1) year prior to the commencement of this lawsuit.

17. Alternatively, if Plaintiff has any accounts with Defendant, at the time the aforesaid accounts were opened by Plaintiff, Plaintiff had a different cellular telephone number than the cellular telephone number he presently has.

18. Alternatively, if Plaintiff has any accounts with Defendant, at the time the aforesaid accounts were opened by Plaintiff, Plaintiff had a different cellular telephone number than the cellular telephone number he has had for the past year prior to the commencement of this lawsuit.

19. Alternatively, if Plaintiff has any accounts with Defendant, Plaintiff has never provided Defendant with consent to initiate telephone calls to his present cellular telephone number.

20. Alternatively, if Plaintiff has any accounts with Defendant, Plaintiff never provided Defendant with his present cellular telephone number in relation to the debt on which Defendant was attempting to collect.

21. From one (1) year prior to the commencement of this matter through to the date of filing of the present matter, and on multiple occasions therein, Defendant engaged in multiple telephone conversations with Plaintiff.

22. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that it had called the wrong telephone number.

23. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not owe the debt on which Defendant was attempting to collect.

24. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff informed Defendant that he did not have an account with Defendant.

25. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant cease initiating telephone calls to his cellular telephone number.

26. During the course of the aforesaid telephone calls, on multiple occasions, Plaintiff requested that Defendant remove his cellular telephone number from its call list.

27. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

28. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant had information in its possession that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

29. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff was not the individual who allegedly owed the debt on which it was attempting to collect.

30. Subsequent to the aforesaid telephone calls between Plaintiff and Defendant, Defendant was cognizant that Plaintiff's cellular telephone number was not the telephone number at which Defendant could reach the individual who allegedly owed the debt on which it was attempting to collect.

31. Despite Plaintiff having advised Defendant of the aforesaid information, on multiple occasions, from one (1) year prior to the commencement of this matter through to the

date of filing of the present matter, Defendant continued to initiate telephone calls to Plaintiff's cellular telephone number in a further attempt to collect the debt.

32. During the aforesaid time period, Plaintiff ascertained the multiple telephone calls were from Defendant by viewing the telephone number on the caller identification on Plaintiff's cellular telephone.

33. The caller identification on Plaintiff's cellular telephone identified that the multiple telephone calls had originated from Defendant.

34. During the aforesaid time period, Defendant also left voicemail messages for Plaintiff on his cellular telephone number.

35. During the aforesaid time period, Plaintiff also ascertained the multiple telephone calls were from Defendant by listening to the voicemail messages Defendant left for Plaintiff wherein Defendant stated it was calling in relation to a "Chase account."

36. During the aforesaid time period, Defendant left multiple voicemail messages for Plaintiff wherein Defendant stated it was calling in relation to a "Chase account ending in 7840."

37. During the aforesaid time period, Plaintiff did not have an account with Defendant ending in 7840.

38. During the aforesaid time period, Defendant initiated multiple telephone calls to Plaintiff in a single week.

39. During the aforesaid time period, Defendant initiated multiple telephone calls to Plaintiff in a single day.

40. From April 17, 2012 through May 25, 2012, on the following dates, Defendant initiated telephone calls to Plaintiff's cellular telephone in an attempt to collect the debt he allegedly owed:

5

 a. On or about April 17, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 b. On or about April 18, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 c. On or about April 19, 2012, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

 d. On or about April 20, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 e. On or about April 22, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 f. On or about April 23, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 g. On or about April 24, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 h. On or about April 25, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number;

 i. On or about April 26, 2012, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number;

 j. On or about May 3, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

 k. On or about May 5, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

l. On or about May 6, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

m. On or about May 8, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

n. On or about May 9, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

o. On or about May 10, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

p. On or about May 11, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

q. On or about May 12, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

r. On or about May 14, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

s. On or about May 15, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

t. On or about May 16, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

u. On or about May 17, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

v. On or about May 19, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

    w.    On or about May 22, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

    x.    On or about May 23, 2012, Defendant initiated a telephone call to Plaintiff's cellular telephone number;

    y.    On or about May 24, 2012, Defendant initiated two (2) telephone calls to Plaintiff's cellular telephone number; and,

    z.    On or about May 25, 2012, Defendant initiated three (3) telephone calls to Plaintiff's cellular telephone number.

41. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be harassing.

42. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone, to be abusive.

43. From one (1) year prior to the commencement of this matter through to the date of filing of the present matter, and on multiple occasions therein, Defendant initiated multiple telephone calls to Plaintiff between the hours of 1:00 a.m. through 7:30 a.m., Central Standard Time.

44. From one (1) year prior to the commencement of this matter through to the date of filing of the present matter, and on multiple occasions therein, Plaintiff was residing in the Central Standard Time zone.

45. From April 17, 2012 through May 25, 2012, on the following dates and at the following times, Defendant initiated telephone calls to Plaintiff's cellular telephone in an attempt to collect the debt he allegedly owed:

    a. On or about April 19, 2012, Defendant initiated a telephone call to Plaintiff at approximately 4:17 a.m., Central Standard Time;

    b. On or about April 19, 2012, Defendant initiated a telephone call to Plaintiff at approximately 5:31 a.m., Central Standard Time.

    c. On or about April 20, 2012, Defendant initiated a telephone call to Plaintiff at approximately 4:17 a.m., Central Standard Time;

    d. On or about April 20, 2012, Defendant initiated a telephone call to Plaintiff at approximately 4:38 a.m., Central Standard Time;

    e. On or about April 24, 2012, Defendant initiated a telephone call to Plaintiff at approximately 6:03 a.m., Central Standard Time;

    f. On or about April 25, 2012, Defendant initiated a telephone call to Plaintiff at approximately 1:34 a.m., Central Standard Time;

    g. On or about April 26, 2012, Defendant initiated a telephone call to Plaintiff at approximately 1:46 a.m., Central Standard Time;

    h. On or about April 26, 2012, Defendant initiated a telephone call to Plaintiff at approximately 1:52 a.m., Central Standard Time;

    i. On or about May 3, 2012, Defendant initiated a telephone call to Plaintiff at approximately 4:34 a.m., Central Standard Time;

    j. On or about May 5, 2012, Defendant initiated a telephone call to Plaintiff at approximately 5:33 a.m., Central Standard Time;

      k.    On or about May 6, 2012, Defendant initiated a telephone call to Plaintiff at approximately 7:17 a.m., Central Standard Time;

      l.    On or about May 8, 2012, Defendant initiated a telephone call to Plaintiff at approximately 5:17 a.m., Central Standard Time;

      m.    On or about May 10, 2012, Defendant initiated a telephone call to Plaintiff at approximately 1:32 a.m., Central Standard Time; and,

      n.    On or about May 25, 2012, Defendant initiated a telephone call to Plaintiff at approximately 1:46 a.m., Central Standard Time

46. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone between the hours of 1:00 a.m. through 7:30 a.m., Central Standard Time, to be harassing.

47. Upon information and belief, during the aforesaid time period, Defendant knew or reasonably should have known Plaintiff would find Defendant's conduct, in initiating multiple telephone calls to Plaintiff's cellular telephone between the hours of 1:00 a.m. through 7:30 a.m., Central Standard Time, to be abusive.

48. During the course of the aforesaid time period, Plaintiff was upset, frustrated and inconvenienced at Defendant's conduct, as delineated above, in initiating multiple telephone calls to his cellular telephone number to collect a debt Plaintiff was not legally obligated to pay.

49. Defendant made and/or placed telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due to Defendant.

50. Defendant willfully and knowingly utilized an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number, in an effort to collect from Plaintiff an obligation, or alleged obligation, owed or due, or asserted to be owed or due to Defendant.

51. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by willfully and knowingly utilizing an automatic telephone dialing system to make and/or place telephone calls to Plaintiff's cellular telephone number.

WHEREFORE, Plaintiff, RENE RODRIGUEZ, by and through his attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Statutory damages of $1500.00 per violation, pursuant to 47 U.S.C. §227(b)(3)(C);

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

## V.    JURY DEMAND

52. Plaintiff hereby demands a trial by jury on all issues so triable.

    Respectfully submitted,
    **RENE RODRIGUEZ**

    By:    s/ David M. Marco
           Attorney for Plaintiff

Dated: May 30, 2012

11

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, Suite 2940
Chicago, IL 60601
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us